**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

LAURIE GOUGH, *on behalf of herself
and all others similarly situated*

    Plaintiff,

v.

BAYVIEW LOAN SERVICING, LLC,
*a Delaware Limited Liability Company*

    Defendant.
_____/

**CLASS ACTION COMPLAINT**

1. Plaintiff, Laurie Gough, alleges violations of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("*FDCPA*").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*.

3. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

**PARTIES**

4. Plaintiff, Laugh Gough ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

5. Defendant, Bayview Loan Servicing, LLC ("Defendant"), is a Delaware Limited Liability Company engaged in the business of collecting consumer debts, which operates from offices located at 4425 Ponce De Leon Blvd, 4th Floor, Coral Gables, Florida 33146.

1

6. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debt.

7. Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

8. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was for the mortgage and promissory note on Plaintiff's previous primary residence.

10. Defendant was assigned Plaintiff's mortgage while the mortgage was in default.

11. On or about December 11, 2015, Defendant sent Plaintiff a letter demanding payment of Plaintiff's mortgage. The "Demand Letter" attached hereto as "Exhibit 1."

12. Page three (3) of the Defendant's Demand Letter states in part:

> FEDERAL LAW REQUIRES US TO ADVISE YOU THAT BAYVIEW LOAN SERVICING, LLC. IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT.

13. Page four (4) of Defendant's Demand Letter entitled "**NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. SECTION 1601 AS AMENDED**"[1] states in part:

> The debt referred to in the proceeding Notice of Intention to Foreclose evidenced by the copy of the Mortgage and Note, will be assumed valid by the creditor, unless debtors, within thirty (30) days after the receipt of this Notice, disputes, **in writing**, the validity of the debt or some portion thereof.

---

[1] The *FDCPA* is found at *15 U.S.C. § 1692 et. seq* not *15 U.S.C. § 1601* as stated by Defendant.

(emphasis added)

14. The alleged debt arises from Plaintiff's ownership of her single family residence which was her residence.

15. Pursuant *15 U.S.C § 1692g(a)(3)* the Defendant must provide the Plaintiff with:

Validation of debts.

(a) Notice of debt; contents
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

xxxx

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

16. *15 U.S.C. § 1692e(10)* states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

17. Defendant's Demand Letter misleadingly requires a writing requirement in order for the consumer to dispute the debt despite the clear wording of *15 U.S.C. § 1692g(a)(3)* which contains no writing requirement in order to dispute the debt.

18. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the *FDCPA* would fail as a matter of law.

3

**CLASS ACTION ALLEGATIONS**

19.	This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) to whom letters that contained the phrase, "The debt referred to in the proceeding Notice of Intention to Foreclose evidenced by the copy of the Mortgage and Note, will be assumed valid by the creditor, unless debtors, within thirty (30) days after the receipt of this Notice, disputes, in writing, the validity of the debt or some portion thereof."  (iii) were mailed, delivered or caused to be served by the Defendant (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one-year period prior to the filing of the original Complaint in this action through the date of certification.

20.	Plaintiff alleges on information and belief based upon the Defendant's use of the phrase, "The debt referred to in the proceeding Notice of Intention to Foreclose evidenced by the copy of the Mortgage and Note, will be assumed valid by the creditor, unless debtors, within thirty (30) days after the receipt of this Notice, disputes, in writing, the validity of the debt or some portion thereof." in its letters that required disputes of the debt to be in writing, mailed, delivered or caused to be served upon the Class is so numerous that joinder of all members of the Class is impractical.

21.	There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The common factual issue common to each Class member was mailed, delivered or caused to be served with a letter by Defendant that contained the phrase, "The debt referred to in the proceeding Notice of Intention to Foreclose evidenced by the copy of the Mortgage and Note, will be assumed valid by the

4

creditor, unless debtors, within thirty (30) days after the receipt of this Notice, disputes, in writing, the validity of the debt or some portion thereof." The common principal legal issue is whether Defendant's wording violated the *FDCPA* by misleading the least sophisticated consumer to believe that they were being given their validation notice required by *15 U.S.C. § 1692g* after an "initial communication" by a debt collector, that required the consumer to dispute the debt in writing, despite the wording of *15 U.S.C. § 1692g(a)(3)* which contains no writing requirement in order to dispute the debt.

22. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

23. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

24. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

**COUNT I**
**CLASS CLAIM VIOLATION OF *15 U.S.C. § 1692g(a)(3)***

26. Plaintiff incorporates Paragraphs 1 through 18.

27. *15 U.S.C. § 1692g(a)(3)* states after an initial communication the Defendant must provide Plaintiff and the Class with:

> [A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

28. Defendant sent as an initial communication a Demand Letter to Plaintiff in an attempt to collect a consumer debt.

29. By claiming to have given Plaintiff and the Class the information required by the *FDPCA*, Defendant has attempted to mislead the Plaintiff and the Class into believing that the Demand Letter contained the proper notice required under the *FDCPA*.

30. Defendant's Demand Letter incorrectly requires a written dispute of the debt despite the clear wording of *15 U.S.C. § 1692g(a)(3)* which contains no writing requirement in order for the consumer to dispute the debt.

31. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k*.

32. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. § 1692k*.

**COUNT II**
**CLASS CLAIM VIOLATION OF *15 U.S.C. § 1692e***

33. Plaintiff re-alleges Paragraphs 1 through 18 and Paragraphs 27 through 30.

34. *15 U.S.C. § 1692e* states:

6

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Defendant's Demand Letter incorrectly states the consumer must send a written dispute in order for the consumer to dispute the debt despite the clear wording of *15 U.S.C. §1692g(a)(3)* which contains no writing requirement in order for the consumer to dispute the debt.

36. By claiming to have given Plaintiff and the Class the information required by the *FDCPA*, Defendant has attempted to mislead the Plaintiff and the Class into believing that the Demand Letter contained the proper notice required under the *FDCPA*.

37. Defendant's Demand Letter would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as it incorrectly contains a writing requirement order for the consumer to dispute the debt despite the clear wording of *15 U.S.C. §1692g(a)(3)* which contains no writing requirement in order for the consumer to dispute the debt.

38. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k*.

39. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k*.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

b. An Order appointing Leo W. Desmond as Class Counsel;

    c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

    d. An award of attorney's fees, litigation expenses and costs of the instant suit;

    e. Any and all prejudgment interest rendered by law; and

Such other and further relief as the Court deems proper.

Dated: August 2, 2016.

        Respectfully submitted,

        By:/s/ *Leo W. Desmond*
        Leo W. Desmond, Esq.
        Florida Bar No. 0041920
        DESMOND LAW FIRM, P.C.
        5070 Highway A1A
        Suite D
        Vero Beach, Florida 32963
        Telephone: 772.231.9600
        Facsimile: 772.231.0300
        lwd@verobeachlegal.com
        *Attorney for Plaintiff*

        */s/ Sovathary K. Jacobson*
        Sovathary K. Jacobson, Esq.
        Florida Bar No. 102200
        DESMOND LAW FIRM, P.C.
        5070 Highway A1A
        Suite D
        Vero Beach, Florida 32963
        Telephone: 772. 231.9600
        Facsimile: 772.231.0300
        jacobson@verobeachlegal.com
        *Attorney for Plaintiff*